

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEANNETTE P. TAMAYO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06 C 3151 |
| BRIAN HAMER, et al. | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on Defendant Illinois Gaming Board's ("IGB") motion to dismiss and Plaintiff Jeannette P. Tamayo's ("Tamayo") motion for reconsideration and motion in the alternative for leave to amend the second amended complaint. For the reasons stated below, we grant the motion to dismiss and deny the motion for reconsideration and motion to amend.

## BACKGROUND

Tomayo alleges that in October 1999 she began working for the IGB as its Deputy Chief Counsel. According to Tamayo, in June 2003, the IGB Administrator resigned and Tamayo was appointed as the Interim Administrator. In January 2003, the Governor was sworn in. Tamayo contends that between January 2003 and May 22, 2006, the Governor utilized Monk, his Chief of Staff, and Hamer, the IDOR

1

Director, to take control of the "operational, budgetary, and personnel decisions of the IGB." (SA Compl. Par. 23). According to Tamayo, while she served as the Interim Administrator, there was an ongoing feud between Tamayo on one side and the Governor, Hamer and Monk on the other side. Tamayo alleges that the feud involved a power struggle over the operational and personnel decisions of the IGB. Tamayo also contends she was entitled to receive a pay increase as the Interim Administrator, but due to her disagreements with Defendants, she contends that she did not receive the pay increase she desired. On April 6, 2004, Tamayo filed a charge with the Equal Employment Opportunity Commission alleging discrimination by IDOR in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).

Tamayo further alleges that in March 2005, the Governor appointed a new IGB Chairman and new members to the IGB Board. After the new appointments, Tamayo alleges that she was excluded from meetings and was denied access to information that she needed in order to perform her job as the Interim Administrator. On November 4, 2005, the IGB members appointed another person as the Administrator. Tamayo claims that when she returned to her Deputy Chief Counsel position, she was given routine work assignments and was ostracized at work. For example, she claims that she was banned from IGB meetings, prohibited from attending staff meetings, and prohibited from working on licensing matters. Tamayo states that on May 22, 2006, she resigned from her employment.

Tamayo subsequently brought the instant action in June 2006 and initially appeared before another judge. In December 2006, Tamayo was given leave to file a second amended complaint and on May 16, 2007 this case was reassigned to the undersigned judge. Tamayo includes in her second amended complaint EPA discrimination claims brought against the IDOR and the IGB (Count I), EPA retaliation claims brought against the IDOR and the IGB (Count II), Title VII gender discrimination claims brought against the IDOR and IGB (Count III), Title VII retaliation claims brought against the IDOR and IGB (Count IV), equal protection claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Governor, Hamer, and Monk in their individual capacities (Count V), and Section 1983 First Amendment retaliation claims brought against the Governor, Hamer, and Monk in their individual capacities (Count VI). On May 30, 2007, we granted IDOR's motion to dismiss all claims brought against the IDOR (Counts I-IV) and we granted the motion to dismiss all claims brought against the Governor, Hamer, and Monk (Counts V and VI). IGB now moves to dismiss the remaining claims in Counts I-IV brought against the IGB and Tomayo requests that the court reconsider its May 30, 2007 ruling.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the

plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*,

4

144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions cannot be used as a "vehicle to produce new evidence that could have been" produced earlier or as a vehicle to "rehash[]" the same arguments presented to the court on a prior occasion. *Id.*

## DISCUSSION

### I. Motion to Dismiss

The remaining claims brought against the IGB all suffer from the same defect that doomed Tomayo's Section 1983 claims brought against the individual Defendants. Tamayo makes it clear in her second amended complaint that the alleged refusal by Defendants to approve her salary increase was tied to the alleged

ongoing feud with Tamayo and the power struggle over the IGB operations and personnel. Tamayo mentions unlawful discrimination against her in a conclusory fashion, but Tamayo fails to provide any facts that would indicate such unlawful motives on the part of any of the Defendants based upon her gender or any complaints by her. For example, Tamayo alleges that Hamer and Monk "continued to punish [Tamayo] for her alleged 'lack of cooperation' by blocking [her] salary increase." (SA Compl. Par. 39). Tamayo thus indicates that her salary dispute involved personal animosity between her and the Individual Defendants rather than animosity based upon her gender. Tamayo does not indicate that the actions were taken against her because of her gender or because she complained about certain treatment. In fact, Tamayo's second amended complaint, consisting of twenty-three pages, is devoted to focusing on Tamayo's personal feud with others as opposed to any discriminatory conduct against her based upon her gender or any complaints by her. The personal animosity alleged in the second amended complaint is not a basis for a Title VII gender discrimination claim, Title VII retaliation claim, EPA discrimination claim, or EPA retaliation claim.

Tamayo's Title VII claims are also improper since she failed to properly pursue her remedies available through the Equal Employment Opportunity Commission. In both of the EEOC charges brought by Tamayo, she named the IDOR as her employer. Thus, only IDOR was put on notice of her complaints and not the IGB. That is significant since the EEOC charge requirement for Title VII

claims is intended to "give[] the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). By failing to properly name her employer as IGB in her EEOC charges Tamayo failed to provide the IGB with the opportunity to work out a resolution of this dispute prior to the instant action. Therefore, we grant the IGB's motion to dismiss.

## II. Motion for Reconsideration and Motion to Amend

Tamayo argues that this court erred in determining that she failed to plead allegations that indicated that the IDOR was not her employer and in fact pled facts that showed that IDOR was not her employer. Tamayo merely rehashes the same argument presented to the court in opposition to IDOR's motion to dismiss and Tamayo has not shown that the court made any error in granting IDOR's motion to dismiss. Tamayo argues that a party can file a motion to reconsider when a court "misaprehend[s] the facts," but Tamayo has not shown that the court misapprehended any facts. (Recon. 3). The court based its prior ruling specifically on the allegations presented by Tamayo herself in the second amended complaint. Tamayo has not pointed in her motion for reconsideration to any fact in this case that the court misstated in its prior ruling. Tamayo's own allegations show that the IDOR was not her employer and we properly granted IDOR's motion to dismiss

since EPA claims and Title VII claims can only be brought against a plaintiff's employer. 29 U.S.C. § 206(d)(1); 29 U.S.C. § 203(d); *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999). Therefore, we deny the motion for reconsideration. Tamayo also requests in the alternative for leave to file an amended complaint. However, Tamayo has already amended her complaint twice in this case and the motion to amend is untimely and would be prejudicial to the Defendants. We have dismissed all the claims brought in this action and Tamayo's request to amend her complaint is denied.

## CONCLUSION

Based on the foregoing analysis, we grant IGB's motion to dismiss in its entirety and deny Tamayo's motion for reconsideration and motion in the alternative for leave to amend the second amended complaint.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 26, 2007