# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEANNETTE P. TAMAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 3151 |
| | ) |
| BRIAN HAMER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Governor Rod R. Blagojevich's ("Governor"), Defendant Alonzo Monk's ("Monk"), and Defendant Brian Hamer's ("Hamer") (collectively referred to as "Individual Defendants") motions for judgment on the pleadings on Count V of the second amended complaint. For the reasons stated below, we deny the motions for judgment on the pleadings.

## BACKGROUND

Plaintiff Jeannette P. Tamayo ("Tamayo") alleges that in October 1999 she began working for the Illinois Gaming Board ("IGB") as its Deputy Chief Counsel.

Tamayo claims that her job entailed representing the IGB in licensing investigations and enforcement matters, and preparing rules for the IGB. An Administrator was allegedly responsible for overseeing the day-to-day operations of the IGB and for maintaining the IGB records. According to Tamayo, in June 2003, the IGB Administrator resigned and Tamayo was appointed as the Interim Administrator. In January 2003, the Governor was sworn in. Tamayo contends that between January 2003 and May 22, 2006, the Governor utilized Monk, his Chief of Staff, and Hamer, the Illinois Department of Revenue ("IDOR") Director, to take control of the "operational, budgetary, and personnel decisions of the IGB." (SA Compl. Par. 23). According to Tamayo, while she served as the Interim Administrator, there was an ongoing feud between Tamayo on one side and the Governor, Hamer and Monk on the other side. Tamayo alleges that the feud involved a power struggle over the operational and personnel decisions of the IGB. Tamayo also contends she was entitled to receive a pay increase as the Interim Administrator, but alleges that due to her disagreements with Defendants, she did not receive her pay increase. On April 6, 2004, Tamayo allegedly filed a discrimination charge with the Equal Employment Opportunity Commission complaining about the lack of her salary increase and alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. §

206(d).

Tamayo further alleges that in March 2005, the Governor appointed a new IGB Chairman and new members to the IGB Board. After the new appointments, Tamayo alleges that she was excluded from meetings and was denied access to information that she needed in order to perform her job as the Interim Administrator. On November 4, 2005, the IGB members appointed another person as the Administrator. Tamayo claims that when she returned to her Deputy Chief Counsel position, she was given routine work assignments and was ostracized at work. For example, she claims that she was banned from IGB meetings, prohibited from attending staff meetings, and prohibited from working on licensing matters. Tamayo states that on May 22, 2006, she resigned from her employment.

Tamayo subsequently brought the instant action in June 2006 and initially appeared before another judge. In December 2006, Tamayo was given leave to file a second amended complaint and on May 16, 2007, this case was reassigned to the undersigned judge. Tamayo included in her second amended complaint EPA discrimination claims brought against the IDOR and the IGB (Count I), EPA retaliation claims brought against the IDOR and the IGB (Count II), Title VII gender discrimination claims brought against the IDOR and IGB (Count III), Title VII retaliation claims brought against the IDOR and IGB (Count IV), equal protection

3

claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Governor, Hamer, and Monk in their individual capacities (Count V), and Section 1983 first amendment retaliation claims brought against the Governor, Hamer, and Monk in their individual capacities (Count VI).

On May 30, 2007, we granted the IDOR's motion to dismiss all claims brought against the IDOR and granted the Individual Defendants' motion to dismiss Counts V and VI. On July 26, 2007, we granted IGB's motion to dismiss all claims brought against the IGB. Tamayo filed an appeal and on June 19, 2008, the Seventh Circuit affirmed in part and remanded the case for further proceedings. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1093 (7th Cir. 2008).

The active claims in this case at this juncture include the EPA discrimination claims brought against IDOR and IGB (Count I), the EPA retaliation claims brought against IDOR and IGB (Count II), the Title VII gender discrimination claims brought against IDOR (Count III), the Title VII retaliation claims brought against IDOR (Count IV), and the Section 1983 equal protection claims brought against the Governor, Hamer, and Monk in their individual capacities (Count V). The Governor now moves for a judgment on the pleadings on the Section 1983 equal protection claim brought against the Governor (Count V). Hamer and Monk have also moved to adopt the Governor's motion in regards to the Section 1983 equal protection

4

claims brought against Hamer and Monk (Count V).

**LEGAL STANDARD**

A party is permitted under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions. 163 F.3d at 452. The court, in ruling on a motion for judgment on the pleadings, must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the" non-moving party, *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party . . . ." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *Id.* n. 3.

**DISCUSSION**

Individual Defendants argue that the Section 1983 equal protection claims are barred by the statute of limitations. There is a two-year statute of limitations period for Section 1983 claims in Illinois. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). In general, a Section 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

Individual Defendants point to Paragraph 28 of the second amended complaint in which Tamayo alleges that "[o]n July 15, 2003, IGB Chairman Elzie Higginbottom sent a letter to Hamer advising Hamer that the Board had appointed Plaintiff at a salary of $160,000," but that "Plaintiff's paycheck on July 13, 2003 . . . had not reflected the salary increase approved on June 20, 2003." (SA Compl. Par. 28). Defendants argue that Tamayo, thus should have known of her Section 1983 claims in July 2003, when she received her paycheck and Tamayo did not bring the instant action until June 2006, over two years later.

The mere fact alleged in the second amended complaint that Tamayo received a paycheck in July 2003, with a salary lesser than expected is not sufficient to show she was aware of any violation of her constitutional rights. However, Tamayo further states in her second amended complaint that "[i]n November and December

6

2003, [she] advised the IGB that she still was not being compensated as agreed upon, and that she believed it was because she was a woman and because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." (SA Compl. Par. 34). The Seventh Circuit has stated that "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo*, 526 F.3d at 1086. Thus, based on Tamayo's own allegations, Tamayo indicates that she knew in December 2003 that Defendants were violating her constitutional rights. Although Tamayo has included allegations in her second amended complaint showing that her Section 1983 equal protection claims are time-barred, Tamayo was not required to anticipate in her complaint that Defendants would assert the statute of limitations defense. *See Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006)(stating that "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations"). Tamayo was thus not required to address the equitable tolling and equitable estoppel doctrines relating to the statute of limitations defense in her complaint. *Id.* Tamayo argues in response to the instant motion that there are additional facts not included in her second amended complaint that would show that the tolling doctrines apply in this case. Since Tamayo was not required to address such issues in her second amended complaint, we conclude that it would be more appropriate to address the statute of

7

limitations issue at the summary judgment stage. At the summary judgment stage, Individual Defendants will have an opportunity to move for summary judgment based on the statute of limitations and point to evidence that shows that they are entitled to judgment as a matter of law. Therefore, we deny the instant motion for judgment on the pleadings.

## CONCLUSION

Based on the foregoing analysis, we deny Individual Defendants' motions for judgment on the pleadings.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 20, 2009